[Cite as *State ex rel. Coleman v. Gillece-Black*, 2026-Ohio-872.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE EX REL. LERON COLEMAN

    Petitioner

    v.

JENNIFER GILLECE-BLACK,
WARDEN

    Respondent

C.A. No. 26CA000048

ORIGINAL ACTION IN HABEAS CORPUS

Dated: March 16, 2026

---

PER CURIAM.

{¶1}    Petitioner, LeRon Coleman, filed a petition for writ of habeas corpus. The petition alleges that Mr. Coleman is being held unlawfully restrained by Respondent, Warden Black, in the Lorain Correctional Institution. Because Mr. Coleman failed to comply with the mandatory requirements of R.C. 2969.25, this Court must dismiss this case.

{¶2}    R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee. Warden Black is a government employee, and Mr. Coleman, incarcerated in the Lorain Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if an inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 2005-Ohio-3671, ¶ 6.

{¶3} Mr. Coleman was required to pay the cost deposit, as required by this Court's Local Rules, or comply with R.C. 2969.25(C). Mr. Coleman did not pay the cost deposit when he filed his petition. He did move to waive prepayment of the cost deposit. That motion, however, failed to comply with the requirement that Mr. Coleman file a statement of his prisoner trust account that sets forth the balance in his inmate account for *each of the preceding six months*, as certified by the institutional cashier. Mr. Coleman filed a statement that included the balance of his account for six months, but it was not the six months immediately preceding the filing of his petition..

{¶4} The Supreme Court's decisions make clear that R.C. 2969.25(C) does not permit substantial compliance. *See, e.g., State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-408, ¶ 8. Failure to comply with these requirements, including attaching a statement that does not cover the six months immediately preceding the filing of the action, warrants dismissal. *Russell v. Duffey*, 2015-Ohio-1358, ¶ 11-12.

{¶5} In this case, Mr. Coleman attached three separate documents in an attempt to comply with R.C. 2969.25(C). The first, certified by the institutional cashier, set forth the balance of his account as of December 26, 2025. The second document, titled "FFF – Court Certification", also certified by the institutional cashier, set forth the starting balance of his account as of June 27, 2025, and the ending balance as of December 26, 2025. The final document, titled "Inmate Demand Statement", covered the dates from June 1, 2025, through December 27, 2025. This document was not certified by the institutional cashier.

{¶6} Mr. Coleman's petition was filed on March 2, 2026. Mr. Coleman was required by R.C. 2969.25(C) to include a statement of his inmate trust account that set forth the balance for the six months immediately preceding March 2026. The three documents Mr. Coleman filed set forth the balance of his inmate trust account as of December 2025, which does not cover the six months

immediately preceding the filing of this action, as certified by the institutional cashier. Mr. Coleman failed to comply with this mandatory requirement and, therefore, this Court must dismiss this action. *Id.*

{¶7} Because Mr. Coleman did not comply with the mandatory requirements of R.C. 2969.25, this case is dismissed. Costs are taxed to Mr. Coleman. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

LERON COLEMAN, Pro Se, Petitioner.